## JOHANNA SPLANE

### V.

## KATHARINE BYRNE.

1. MALICIOUS PROSECUTION—WANT OF PROBABLE CAUSE.—To recover in this action it is incumbent upon the plaintiff to show a want of probable cause, and malice. Malice may be inferred from a want of probable cause, but a want of probable cause can never be inferred from malice.

2. PROBABLE CAUSE—DEFINITION.—Probable cause is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious person in the belief that the person accused is guilty of the offense charged.

3. MALICE DEFINED.—To constitute malice, there must be something more than mere spite or hatred; there must be *malus animus*, denoting that the party is actuated by improper and indirect motives.

4. PRACTICE—CONTINUANCE. An affidavit for a continuance which fails to show proper diligence to secure the attendance of the witness, or that there was reason to expect that the testimony could be had at the next term of court, is insufficient, and it is not error to refuse a continuance upon motion supported by such affidavit.

APPEAL from the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding.   Opinion filed October 6, 1881.

Mr. E. R. DAVIS and Mr. GEO. D. GREEN, for appellant; contending that want of probable cause and malice must concur, in this action, cited Leidig v. Rawson, 1 Scam. 272; Jacks v. Stimpson, 13 Ill. 702; McBean v. Ritchie, 18 Ill. 114; Collins v. Hayte, 50 Ill. 337.

As to meaning of probable cause: Ritchey v. McBean, 17 Ill. 63; Ross v. Inness, 35 Ill. 488; Chapman v. Cawrey, 50 Ill. 512.

As to meaning of malice: Harpham v. Whitney, 77 Ill. 32.

Mr. WILLIAM WINKELMAN, for appellee; that the statement in a bill of exceptions, "and this was all the evidence," is not sufficient, cited Henry v. Halloway, 78 Ill. 356; Buckland v. Goddard, 36 Ill. 206.

The affidavit for continuance was insufficient: Richardson v. The People, 31 Ill. 170; Eames v. Hennessy, 22 Ill. 628; Wilhelm v. The People, 72 Ill. 468.

WALL, J.   This was an action on the case brought by the appellee against the appellant, for malicious prosecution in having caused the arrest of the former on a charge of arson.   The trial resulted in a verdict for the plaintiff below for $25, upon which a motion for a new trial having been overruled, a judgment was rendered.   The court properly instructed the jury as to the law of the case, and the only errors assigned are that the court improperly refused a continuance asked by the defendant below, and that a new trial should have been granted, because the verdict is against the law and the evidence.   The affidavit for continuance does not show proper diligence to secure the testimony of the witness, Sweeney, nor does it sufficiently appear that there was reason to expect that the testimony could be had at the next term, and so far as the other witnesses are concerned it is apparent that the facts which they were expected to prove were established by other testimony, of which the defendant below

had the benefit upon the trial, so that no injury was sustained by her in this respect. Therefore this is no just ground of exception.

As to the merits of the case as disclosed by the evidence, we think the position of appellant is well taken. In order to recover in this action it was incumbent upon the plaintiff to show that there was want of probable cause and malice, and while malice may sometimes be inferred from a want of probable cause, the reverse is not true, and a want of probable cause cannot be inferred from malice. The burden is on the plaintiff to show affirmatively by circumstances, or otherwise, that the defendant had no cause for the prosecution, no such reasonable ground of suspicion sufficiently strong in itself as to warrant a cautious man in believing that the person arrested is guilty of the offense charged.

If probable cause exists, malice weighs nothing. Malice is in no case a legal presumption from a want of probable cause, it being for the jury to find from the facts proven, when there is no probable cause, whether there was malice or not, and even when there is a want of probable cause, the defendant may still show that there was an absence of malice.

Probable cause is defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offenses charged; and to constitute malice there must be something more than mere spite or hatred; there must be *malus animus* showing that the party is actuated by improper and indirect motives. These general principles have been repeatedly declared by the Supreme Court. Ross v. Inness, 35 Ill. 487; Harphan v. Whitney, 77 Ill. 32. and applying them to the case at bar, we are clearly of opinion that there was no cause of action. It cannot be doubted that there was a malicious attempt to burn the house of appellant in the night time, endangering not only the house, but the lives of some fifteen human beings then asleep therein; and it was the plain duty of the appellant to make every reasonable effort to detect and bring the criminal to punishment. Society has an abiding interest in the prosecution of those whose acts

Splane v. Byrne.

imperil the life and property of the citizen; and the law encourages its own enforcement.   In the very nature of things, many prosecutions must fail from the non-attendance of witnesses, and from the want of sufficient evidence to establish guilt; and while the defendant in a criminal proceeding must be acquitted unless proven guilty beyond a reasonable doubt, yet the law does not so discourage those who would initiate prosecutions as to require them at their peril to obtain a conviction.   Such a rule would deter many persons from informing against those whom they might have the best of reasons to believe guilty.

Without stating the evidence in detail, we think there was enough to warrant the reasonable suspicion that the appellee was responsible for the crime, and while we cannot say she was guilty, yet the circumstances were such that she ought not to be permitted to recover in this proceeding.   The appellant seems also to have had no malicious motive, and seems to have taken the proper care to obtain the advice of the States attorney; and if, upon the facts in proof, she can be held for malicious prosecution, we think it would be a precedent highly calculated to prevent the proper administration of the criminal code.   While the amount of the verdict is small, indicating that the jury, though not properly applying the very clear instructions given them by the learned judge who presided at the trial, did not regard the plaintiff's case as one having much merit, yet it is enough to carry costs, and for a bad precedent if suffered to stand.

The objection that the bill of exceptions was not presented within the time fixed by the judge, should have been made sooner and in a different way, if well founded, and the objection that the bill does not purport to contain all the evidence is not sustained by the language of that instrument as it appears in the record.   We feel constrained to reverse the judgment, and as there is no cause of action, the case will not be remanded.

Reversed.